STATE ex rel. UNION PACIFIC
RAILROAD COMPANY,
Relator,

v.

The Honorable Michael P.
DAVID, Respondent.

No. SC 91066.

Supreme Court of Missouri,
En Banc.

March 1, 2011.

Nicholas J. Lamb, Booker T. Shaw, James W. Erwin and David A. Stratmann of Thompson Coburn LLP in St. Louis, for Union Pacific.

Robert H. Wendt of The Wendt Law Firm in St. Louis, and James Holloran and Ronnie L. White of Holloran, White, Schwartz & Gaertner LLP in St. Louis, for Gordon and Champlin.

RICHARD B. TEITELMAN, Judge.

Union Pacific Railroad seeks a writ of prohibition to bar the circuit court from compelling arbitration with respect to two plaintiffs in a series of consolidated cases filed under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 et seq. There is no written arbitration agreement between Union Pacific and these two plaintiffs. Consequently, the preliminary writ of prohibition is made permanent.

## FACTS

James Gordon and Nagel Champlin each filed suit in the circuit court of the City of St. Louis seeking damages from Union Pacific pursuant to FELA. Over 100 simi-

lar FELA cases were filed against Union Pacific in the City of St. Louis. In December 2006, the cases were consolidated into four groups of cases; the *Barnes, Applegate, Steele,* and *Ellison* cases. The cases filed by Gordon and Champlin were consolidated with the *Barnes* group.

On October 9, 2007, the Gordon and Champlin cases were severed from the *Barnes* group of cases. Several days later, the plaintiffs and Union Pacific entered into an arbitration agreement that called for each of the four groups to be separately arbitrated. Neither Gordon nor Champlin were listed in the arbitration agreement. There was no documentation in the record before the circuit court that there was a written arbitration agreement signed by Union Pacific and Gordon or Champlin.

In June 2010, the circuit court ordered that the Gordon and Champlin cases be submitted to arbitration with the *Ellison* group of cases. The court determined that although Gordon and Champlin were not signatories to the arbitration agreement, the arbitration agreement was orally modified to include Gordon and Champlin. Union Pacific maintains that the Gordon and Champlin cases are not subject to arbitration because there is no written arbitration agreement as required by section 435.350.

## ANALYSIS

■ Whether a valid, enforceable arbitration agreement exists is a legal issue subject to de novo review. *Dunn Indus-*

*trial Group, Inc. v. City of Sugar Creek,* 112 S.W.3d 421, 428 (Mo. banc 2003).

■ Arbitration is fundamentally a matter of consent and, as a result, an arbitrator's authority over claims and parties is limited by the scope of the arbitration agreement. *Stolt–Nielsen v. Animal-Feeds International Corp.,* —— U.S. ——, 130 S.Ct. 1758, 1774–1775, 176 L.Ed.2d 605 (2010). Thus, a party may not be compelled to submit arbitration unless there is a contractual basis for concluding the party agreed to do so. *Id.* at 1775. The central issue in this case is whether there is a valid contractual basis for compelling arbitration in the Gordon and Champlin cases.

■ Missouri has codified the requirements for a valid arbitration contract in section 435.350. In pertinent part, section 435.350 provides as follows:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract, except contracts of insurance and contracts of adhesion, to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The only written arbitration agreement in this case provided that a condition precedent to arbitration was the written consent of all parties.[1] The record before this Court contains no written consent signed by Gordon, Champlin and Union Pacific.[2]

---

1. Paragraph 1 of the agreement regarding arbitration says, "The parties hereby agree to obtain written consent from their client to this procedure in the form attached hereto ... Said consent in the Barnes group shall be obtained no later than December 15, 2007 ... This written consent of all plaintiffs in each of the four cases ... is a condition precedent of this agreement...."

2. After this Court issued its preliminary writ of prohibition, Respondent filed a memorandum to supplement the record. The memorandum contained documents purporting to be written, individual arbitration agreements signed by Gordon and Champlin. At oral argument, counsel for Respondent conceded that these agreements are not part of the record. Therefore, Union Pacific's motion to

Consequently, the Gordon and Champlin cases are not governed by the terms of an enforceable arbitration agreement. Neither case is subject to arbitration.

The preliminary writ is made permanent.

All concur.

strike Respondent's memorandum is sus-   tained.