

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. JESSE NEWBERRY,    )
    )    *Opinion issued May 21, 2019*
    Relator,    )
    )
v.    )    No. SC96985
    )
The HONORABLE STEVE JACKSON,    )
    )
    Respondent.    )

consolidated with

STATE ex rel. BECKY LOWRANCE,    )
    )
    Relator,    )
    )
v.    )    No. SC96986
    )
The HONORABLE STEVE JACKSON,    )
    )
    Respondent.    )

## ORIGINAL PROCEEDING IN PROHIBITION

Jesse Newberry and Becky Lowrance each seek a permanent writ of prohibition preventing the circuit court from enforcing its January 2018 orders sustaining motions to compel arbitration and stay proceedings filed by Dolgencorp, LLC, d/b/a Dollar General. Mr. Newberry and Ms. Lowrance assert the circuit court improperly sustained Dollar General's motions to compel arbitration because Dollar General failed to meet its burden

to show consideration supported either the employee arbitration agreements or the provisions delegating threshold issues of arbitrability to the arbitrator. This Court issued a preliminary writ in each case.

This Court holds the arbitration agreement in each case includes a delegation clause providing that the arbitrator decides issues of formation – namely, whether there was consideration for the arbitration agreements. Because Mr. Newberry and Ms. Lowrance do not raise challenges specific to the delegation provisions, the circuit court properly sustained Dollar General's motions to compel arbitration, stayed the cases, and ordered the parties to arbitrate the question of whether consideration existed. The preliminary writs are quashed.

**Factual and Procedural Background**

In August 2014, Dollar General began prompting its employees each time they logged into their computers to electronically sign a document titled "Dollar General Employee Arbitration Agreement." The agreement requires Dollar General and its employees to settle "Covered Claims," including discrimination and retaliation, in arbitration. It indicates all arbitrations are to be conducted in accordance with the American Arbitration Association ("AAA") Employment Arbitration Rules, "except as superseded by the terms of this [a]greement." As incorporated, AAA Employment Arbitration Rule 6.a provides arbitrators "shall have the power to rule on [their] own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." The agreement itself, however, supersedes the AAA rule by

2

stating claims regarding the "scope or enforceability" of the agreement are not considered arbitrable "Covered Claims."

The agreement further contains language permitting Dollar General employees to "opt out" of the agreement, provided the employees complete and submit an "Arbitration Opt Out Form" within 30 days of accessing the agreement. On the other hand, the agreement advises that if employees take no action within 30 days of the initial notice, the agreement automatically goes into effect. Ms. Lowrance, an at-will employee of nine years at the time, and Mr. Newberry, an at-will employee of 15 years at the time, testified they asked the district manager about the consequences of failing to sign the agreement. The manager informed them they would likely be discharged if they did not sign. Fearing loss of employment, Mr. Newberry and Ms. Lowrance electronically signed their agreements in August 2014. No Dollar General representatives signed the agreements.

Mr. Newberry was discharged in June 2016, and Ms. Lowrance was discharged in October 2016. Both timely filed charges of discrimination with the Missouri Human Rights Commission and received notices of right to sue. In July 2017, Mr. Newberry timely filed a petition against Dollar General asserting sex, age, and disability discrimination, along with retaliation for voicing his opposition to the discrimination, against Dolgencorp and the supervisors who oversaw the discrimination and retaliation. In November 2017, Ms. Lowrance timely filed a separate petition raising the same claims against the same defendants.

Dollar General filed motions to compel Mr. Newberry and Ms. Lowrance to submit their claims to arbitration and stay further proceedings. In their suggestions

3

opposing Dollar General's motions to compel, Mr. Newberry and Ms. Lowrance argued there was no consideration for the arbitration agreements. They further claimed to "specifically challenge[]" the delegation provisions by asserting they are unconscionable and there is no "clear and unmistakable evidence" of the parties' intent to incorporate them. During the hearing about Dollar General's motions to compel arbitration, Mr. Newberry and Ms. Lowrance testified they signed the agreements with knowledge they would be bound to arbitrate covered claims, read the documents before they signed them, read the "opt out" provisions, but did not necessarily "understand" the documents.

In January 2018, the circuit court sustained Dollar General's motions to compel arbitration and stay proceedings, finding "no reason the principles of [*State ex rel. Pinkerton v. Fahnestock*, 531 S.W.3d 36 (Mo. banc 2016),] regarding a 'delegation clause' should not apply to a case with individuals the same as a 'commercial case.'" The court alternatively held the arbitration agreements were valid, executed by the parties, not unconscionable on their face, and supported by consideration in the form of mutuality of enforcement and continued at-will employment.

Mr. Newberry and Ms. Lowrance filed petitions for a writ of mandamus or prohibition in the court of appeals, which denied their writ petitions. Mr. Newberry and Ms. Lowrance subsequently petitioned this Court for a writ of mandamus or prohibition compelling the circuit court to rescind its orders for arbitration and prohibiting the circuit court from requiring them to submit their claims to arbitration. This Court issued its preliminary writ of prohibition in each case in May 2018. Mo. Const. art. V, sec. 4.1.

4

**Standard of Review**

This Court has authority to "issue and determine original remedial writs." *Id.* Writs of mandamus or prohibition are proper methods to dispute whether a motion to compel arbitration was improperly sustained. *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 (Mo. banc 2015); *see also State ex rel. Union Pac. R.R. Co. v. David*, 331 S.W.3d 666, 666 (Mo. banc 2011). The Court reviews *de novo* the legal issue of whether a valid, enforceable delegation clause exists within an arbitration agreement. *See Union Pac.*, 331 S.W.3d at 667.

**No Specific Challenge to Delegation Provisions**

Mr. Newberry and Ms. Lowrance each seek a permanent writ of prohibition from this Court requiring the circuit court to rescind its January 2018 orders compelling arbitration and staying the court proceedings. They assert Dollar General failed to show consideration supported their agreements to arbitrate, including the severed delegation clauses. Specifically, they assert consideration is required for a delegation clause to come into effect as a contract. They claim, when a defense of lack of consideration is raised, the party seeking to compel arbitration has the burden of proof, which is a higher burden of proof than for contract defenses such as unconscionability, fraud, and illegality.

Mr. Newberry and Ms. Lowrance contend threshold issues of formation cannot be delegated to an arbitrator unless there is a contract to arbitrate and a delegation clause that are both supported by consideration. They argue arbitrators cannot decide threshold issues of formation simply "when any document purporting to require arbitration declares

5

applicability of the AAA Rules," regardless of whether consideration existed for the delegation provision.

It is well-established that contract law governs arbitration agreements. *Rent-A-Ctr. W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010); *State ex rel. Pinkerton v. Fahnestock*, 531 S.W.3d 36, 47 (Mo. banc 2016). The instant agreements further state they are controlled by the Federal Arbitration Act ("FAA"), which provides in relevant part: "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In addition to agreeing to arbitrate certain classes of disputes, parties can contract to arbitrate "gateway" questions of "arbitrability," such as whether the parties agreed to arbitrate in the first place or whether certain controversies are covered under the agreement. *Rent-A-Ctr.*, 561 U.S. at 68-69. "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement [that] the party seeking arbitration asks the . . . court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.* at 70. As such, a delegation provision's validity and enforceability are not dependent on those of the larger arbitration agreement. *See id.*

"Generally, any silence or ambiguity 'concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Pinkerton*, 531 S.W.3d at 43 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). Nevertheless, the presumption of arbitrability "is reversed when considering whether a

6

court or an arbitrator should decide threshold questions of arbitrability." *Id.* "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)) (alterations in original).

This Court in *Pinkerton* held a delegation provision clearly and unmistakably indicates the parties' intent to delegate threshold issues of arbitrability to the arbitrator when the arbitration agreement specifically references the AAA commercial arbitration rules. 531 S.W.3d at 48. These rules include the "jurisdiction" rule that the "[a]rbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *Id.* (alterations in original). While the agreements at bar supersede the AAA rules with respect to "claims concerning the scope or enforceability" of the agreements, they do not supersede the associated AAA rule that the arbitrator has the power to rule on the *validity* of the agreements.

"A dispute 'relating to the applicability or enforceability' of the agreement presupposes the formation of a contract." *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014). On the other hand, the "argument that there was no consideration to create a valid agreement raises a contract formation issue rather than an applicability or enforceability issue." *Id.* Because Mr. Newberry and Ms. Lowrance contest the presence of consideration, the threshold issue of validity (or formation) is at issue here.

7

Furthermore, in *Rent-A-Center,* the United States Supreme Court held a delegation provision is severable from an arbitration agreement just as that arbitration agreement is severable from the broader employment contract. *See* 561 U.S. at 70-72. It determined the fact "that agreements to arbitrate are severable does not mean that they are unassailable. If a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4." *Id.* at 71. In other words, if the employee specifically challenges the delegation provision, then a court should determine the validity of the delegation provision. *Id.* But when the party fails to "challenge[] the delegation provision specifically," the reviewing court "must treat it as valid . . . , leaving any challenge to the validity of the [arbitration agreement] as a whole for the arbitrator." *Id.* at 72. This Court adopted the reasoning of *Rent-A-Center* in *Soars v. Easter Seals Midwest,* 563 S.W.3d 111, 116 (Mo. banc 2018), holding "a party must specifically challenge a delegation provision to avoid its application."

Mr. Newberry and Ms. Lowrance have failed to meet this burden. In their suggestions opposing the motions to compel arbitration, they contended only that the general arbitration agreements themselves lacked consideration. They did not separately claim a lack of consideration for the addition of the delegation provisions to the general arbitration contracts. Instead, they asserted the delegation clauses were invalid due to an unspecified "unconscionability" rather than a lack of consideration. But, in this Court, as well as in their writ petitions in the court of appeals, they dropped their claims of unconscionability and asserted for the first time that there was no consideration for the

8

delegation clauses in their contracts because those clauses were part of arbitration agreements that themselves were made without consideration.

These allegations are inadequate to constitute a specific challenge to the delegation provision. A party may not simply raise a challenge to the entire contract and then say the severed delegation clause within that contract is, therefore, also invalid. Rather, *Rent-A-Center* teaches that a delegation clause must be treated as a separate contract within the larger arbitration contract and must be challenged on an additional ground or basis beyond the fact it is contained in an arbitration contract that the party also contends is invalid. *See Rent-A-Ctr.*, 561 U.S. at 71; *Pinkerton*, 531 S.W.3d at 51. Because the lack of consideration Mr. Newberry and Ms. Lowrance assert with respect to the delegation clauses is the same lack of consideration they claim should invalidate the overall arbitration agreements, they do not raise a unique challenge to the delegation clauses. Accordingly, the delegation provisions are valid, and Dollar General did not have a burden in the circuit court to show legally sufficient consideration.[1]

**Conclusion**

Mr. Newberry and Ms. Lowrance's argument asserting lack of consideration was not specific to the delegation provisions. Because they challenged whether consideration supported the arbitration agreements, including the delegation clauses, this threshold

---

[1] A federal district court in Missouri has addressed the same Dollar General agreement at issue here. In *Doty v. Dolgencorp, Inc.*, No. 4:15 CV 1931 RWS, 2016 WL 1732768, at *4 (E.D. Mo. May 2, 2016), the court held Mr. Doty's argument that the arbitration agreement lacked consideration must be decided by the arbitrator because he did not challenge the delegation provision specifically.

9

issue was properly delegated to the arbitrator. Accordingly, the circuit court properly sustained Dollar General's motions to compel arbitration and stay the cases. The preliminary writs are quashed.

_____
PATRICIA BRECKENRIDGE, JUDGE

All concur.