

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| HAMPTON S. BROWN, ET AL., | ) | *Opinion issued November 7, 2023* |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC99961 |
| | ) | |
| GOJET AIRLINES, LLC, | ) | |
| | ) | |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
### The Honorable John N. Borbonus, Judge

GoJet Airlines, LLC, (GoJet) appeals the circuit court's judgment overruling its motion to compel arbitration in a breach of contract action filed by Hampton Brown (Brown). This Court has jurisdiction. Mo. Const. art. V, sec. 10. Because the parties' agreement is governed by the Missouri Uniform Arbitration Agreement (MUAA) and contains a delegation provision delegating threshold issues to an arbitrator Brown failed to challenge, the circuit court erred in refusing to compel arbitration. The circuit court's order overruling GoJet's motion to compel arbitration is vacated, and the case is remanded to compel arbitration.

## Background

GoJet is a limited liability company organized in Delaware with headquarters in Bridgeton, Missouri. Brown is a resident of Austria. In November 2019, Brown applied online to work for GoJet as a pilot. The application included an arbitration agreement providing the parties agreed to arbitrate "any and all claims, disputes, or controversies" related to Brown's employment. The arbitration agreement includes a delegation provision providing the arbitrator "shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this Agreement[.]" In addition, the arbitration agreement provides that the parties are subject to the Federal Arbitration Act (FAA) and that the agreement "shall be enforceable and interpreted in accordance with the FAA."

GoJet hired Brown as a pilot in January 2021, and the parties entered into a bonus agreement outlining the schedule of bonuses Brown would receive during his employment. In his first year, Brown would receive $46,000 in bonuses, including $10,000 after successful completion of training, $10,000 after six months of employment, and $26,000 after one year of employment. The bonus agreement also provided a schedule of bonuses Brown would receive in his second and third year of employment. On April 15, 2021, GoJet terminated Brown's employment.

In November 2021, Brown filed a class action suit alleging GoJet breached the bonus agreement by failing to issue bonuses to him and other employees as provided by the agreement. GoJet moved to compel arbitration and stay proceedings under section

2

435.355,[1] arguing the parties entered into a mutually binding and enforceable arbitration agreement requiring them to arbitrate this dispute. Brown opposed the motion and argued he could not be subject to arbitration because: (1) the FAA exempts from its application workers engaged in interstate commerce such as himself, rendering the arbitration agreement unenforceable against him under the FAA such that the MUAA applies, (2) the arbitration agreement did not include the statutory notice provision required by section 435.460,[2] such that the arbitration agreement is also unenforceable under the MUAA, and (3) the arbitration agreement lacks consideration. In its reply, GoJet argued the parties unmistakably intended in their arbitration agreement to delegate these threshold issues of arbitrability to an arbitrator. The circuit court overruled GoJet's motion to compel arbitration, finding the arbitration agreement did not include the statutory notice provision required by section 435.460. GoJet appeals.

**Analysis**

On appeal, GoJet challenges the circuit court's order overruling its motion to compel arbitration. In addition to responding to GoJet's arguments, Brown presents two questions this Court must address first, as they implicate threshold issues a court must determine before compelling arbitration: (1) whether GoJet factually proved the existence of the arbitration agreement, and (2) whether, in the event the FAA does not apply to the parties'

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated.

[2] Section 435.460 provides: "Each contract subject to the provisions of sections 435.350 to 435.470 shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read substantially as follows: 'THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.'"

3

agreement due to an exemption, a court may compel arbitration under the MUAA when the agreement is silent on its application.

### *Brown Waived His Argument That the Arbitration Agreement Does Not Exist*

This Court has held a court must first determine whether an agreement to arbitrate exists before it may compel arbitration. *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 436-37 (Mo. banc 2020). The party seeking to compel arbitration has the burden of proving the existence of an arbitration agreement by competent evidence. *Brown v. Chipotle Servs., LLC*, 645 S.W.3d 518, 523-24 (Mo. App. 2022). Brown contends GoJet failed to show the existence of an arbitration agreement because the evidence attached to GoJet's motion to compel consisted of (1) an unsworn declaration by a GoJet executive declaring that Brown signed the arbitration agreement, and (2) the arbitration agreement, which included the delegation provision and was signed by Brown. Brown argues the declaration and attached arbitration agreement were not properly authenticated or introduced at an evidentiary hearing and, therefore, GoJet failed to factually prove the existence of the arbitration agreement.

This Court, however, has rejected such an argument when the party opposing arbitration fails to contest the existence of the arbitration agreement in the circuit court and proceeds as if the agreement exists. *See Bridgecrest Acceptance Corp. v. Donaldson*, 648 S.W.3d 745, 751 (Mo. banc 2022) (refusing to entertain the respondents' argument that an arbitration agreement did not exist because they "conceded the existence of an arbitration agreement in circuit court and opposed the motions to compel for 'purely legal' reasons, rather than factual ones"). Similarly here, Brown conceded the existence of the agreement

4

during the hearing on GoJet's motion to compel and argued against the agreement only on the bases that it lacked the required statutory notice, mutuality, and consideration. Accordingly, this Court reviews only the purely legal issues raised in connection with GoJet's motion to compel arbitration.[3] *Id.*

### *The MUAA Governs the Parties' Agreement*

Brown argues arbitration may not be compelled against him. He contends the FAA exempts from its application workers engaged in interstate commerce such as himself, making the arbitration agreement "unenforceable" against him. He further asserts that, because the arbitration agreement provides for the application of the FAA and is silent about the MUAA's application, the MUAA may not "kick in" to allow a court to compel arbitration.

The arbitration agreement provides that the parties are subject to the FAA and that the agreement "shall be enforceable and interpreted in accordance with the FAA." Even so, the United States Supreme Court has made clear that a court must first decide whether an exclusion to the FAA applies before it has the authority to compel arbitration under the

---

[3] Brown also argues no arbitration agreement exists to which GoJet is a party because GoJet did not sign the agreement. *See Theroff*, 591 S.W.3d at 437 (holding "assent is required for a contract or agreement to exist"). Again, Brown did not present this argument to the circuit court. Instead, he argued the agreement lacked mutual promises in that, in effect, only Brown would be required to arbitrate his disputes and GoJet would not. The specific argument that GoJet is not a party because it never signed the agreement, or that the agreement does not exist because GoJet did not sign it, was never presented to the circuit court and therefore, is waived. Even so, GoJet was not required to prove it signed the agreement to satisfy its burden of showing an agreement existed. *See Brown*, 645 S.W.3d at 523 (citing *Theroff*, 591 S.W.3d at 437) ("For [the party seeking to compel arbitration] to establish that valid arbitration agreements existed, it was required to prove that [the opposing party] had assented to agreements containing an arbitration clause.").

FAA. *New Prime v. Oliveira*, 139 S. Ct. 532, 537 (2019). Relevant here, the FAA explicitly excludes from its coverage any class of workers engaged in foreign or interstate commerce.[4] 9 U.S.C. § 1. A court, therefore, lacks authority to compel arbitration under the FAA when such an exclusion applies. *New Prime*, 139 S. Ct. at 537-38. Neither party here disputes, and this Court agrees, that Brown qualifies as a worker engaged in interstate commerce who is excluded from the FAA. Thus, a court lacks authority **under the FAA** to compel arbitration in this case.

This does not mean, however, that a court lacks authority **under the MUAA** to compel arbitration. Section 435.350 provides, in relevant part, that:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract, except contracts of insurance and contracts of adhesion, to submit to arbitration any controversy thereafter arising between the parties **is valid, enforceable and irrevocable**, save upon such grounds as exist at law or in equity for the revocation of any contract.

(Emphasis added). Regardless of whether the parties agree to it, **all** arbitration agreements in Missouri, unless they are contracts of insurance or adhesion, are subject to section 435.350 so long as the matter is not preempted by the FAA. *See State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 n.4 (Mo. banc 2015) ("The [MUAA] governs those arbitration matters not preempted by the FAA."). Nothing in section 435.350 or any other provision of the MUAA states the MUAA applies only if the parties agree it does. Not only is the MUAA not mentioned in the parties' agreement, but Brown also asserts

---

[4] "Congress had already prescribed alternative employment dispute resolution regimes for many transportation workers" at the time it adopted the FAA in 1925. *New Prime*, 139 S. Ct. at 537.

no valid argument for this Court to find the MUAA inapplicable (i.e., that it is a contract of insurance or adhesion or that it is somehow preempted by the FAA). Accordingly, the parties' agreement is governed by the MUAA, and arbitration may be compelled under its provisions.

### *The Circuit Court Erred in Overruling GoJet's Motion to Compel Arbitration*

With the above questions resolved, this Court now turns to the merits of GoJet's appeal and addresses whether the circuit court erred in overruling its motion to compel arbitration. Whether a motion to compel arbitration should have been granted is a question of law, to be decided by this Court *de novo*. *Triarch Indus., Inc. v. Crabtree*, 158 S.W.3d 772, 774 (Mo. banc 2005).

GoJet argues the circuit court erred in refusing to compel arbitration for two reasons. First, GoJet asserts the delegation provision contained within the arbitration agreement delegates all threshold issues, including whether the agreement contained the requisite statutory notice under section 435.460, to the arbitrator. Second, GoJet argues in the alternative that the circuit court erred in refusing to compel arbitration for lack of notice because the notice provision is not required in this case. This Court agrees with GoJet on its first point and holds the unchallenged delegation provision required the circuit court to compel arbitration. As more fully discussed below, because the issue of notice goes to the enforceability of the arbitration agreement – an issue the parties agreed would be decided by the arbitrator – this Court does not address GoJet's second, alternative point.

A delegation provision acts as an agreement to arbitrate threshold issues concerning the arbitration agreement. *Soars v. Easter Seals Midwest*, 563 S.W.3d 111, 114 (Mo. banc

7

2018) (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010)), *abrogated on other grounds by Theroff*, 591 S.W.3d at 439. It is well-settled that "parties can agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center*, 561 U.S. at 68-69 (quotations and alterations omitted); *see also Theroff*, 591 S.W.3d at 439 (same); *Soars*, 563 S.W.3d at 114 (same). This is because arbitration is, in essence, a matter of contract, and a delegation clause is simply an additional, antecedent agreement to arbitrate arbitrability. *Rent-A-Center*, 561 U.S. at 70; *Soars*, 563 S.W.3d at 114.

When the parties' agreement contains a delegation clause, courts have repeatedly held one must challenge the delegation clause itself for a court, rather than an arbitrator, to consider the challenge. *State ex rel. Newberry v. Jackson*, 575 S.W.3d 471, 475 (Mo. banc 2019) "([W]hen [a] party fails to challenge the delegation provision specifically, the reviewing court must treat it as valid, leaving any challenge to the validity of the arbitration agreement as a whole for the arbitrator." (quotations and alterations omitted)), *overruled on other grounds by Theroff*, 591 S.W. 3d at 439. This is because delegation clauses are severable from the broader agreement in which they are contained. *Id.*

Brown never challenged the delegation clause. In his opposition to GoJet's motion to compel arbitration and in his briefing before this Court, Brown asserts the arbitration agreement ***as a whole*** is unenforceable (1) under the FAA because it involves an employee engaged in interstate commerce, (2) under the MUAA because it lacked the requisite

8

statutory notice, and (3) because it lacked consideration.[5] The fact these arguments are directed toward the arbitration agreement as a whole and not specifically toward the delegation provision is alone dispositive and required the circuit court to sustain the motion to compel arbitration. The circuit court erred by finding the arbitration agreement unenforceable due to its lack of statutory notice. [6]

### *Brown's Motion to Strike a Portion of GoJet's Substitute Reply Brief Is Overruled*

Prior to oral argument, Brown filed a motion in this Court to strike Argument II of GoJet's substitute reply brief "because the argument was not made in the court of appeals." The heading of Argument II of GoJet's substitute reply brief reads "The Mutual Arbitration Agreement Has An Ineffective Choice of Law Provision That Must Be Severed From The Agreement And The Applicable State Law Is Missouri." While this exact heading was not present in GoJet's reply brief in the court of appeals, the argument was nonetheless presented in Argument IV of its reply brief to the court of appeals, where it argued: "Here,

---

[5]  Brown further argues the agreement as a whole does not exist because GoJet failed to present competent evidence of it and GoJet did not agree to it. As previously explained, this Court does not consider this argument because Brown has already conceded the existence of the agreement.

[6]  Brown also argues a Missouri court does not have jurisdiction to compel arbitration in this case because the agreement does not specify the arbitration must take place in Missouri. Brown directs this Court to section 435.430, which provides: The making of an agreement described in section 435.350 ***providing for arbitration in this state*** confers jurisdiction on the court to enforce the agreement under [the MUAA] and to enter judgment on an award thereunder." (Emphasis added). Here, the arbitration agreement provides "[t]he arbitration will be held in or near the city in which you are or were last employed by, or applied for employment with, the Company, as applicable." When Brown applied for employment and was employed by GoJet, GoJet was headquartered in Missouri. Moreover, the agreement does not specify that any arbitration will take place outside of Missouri. Thus, the circuit court does not lack jurisdiction to compel arbitration.

because the parties did not have an effective choice of law provision in the Mutual Arbitration Agreement, the law that has the most significant relationship to this agreement applies. That law is Missouri's Uniform Arbitration Act." GoJet's argument was made at the court of appeals, as it is here, in reply to Brown's brief arguing the FAA, not Missouri law, applied. GoJet was allowed to reply to Brown's brief before this Court, Rule 84.04(g) ("The appellant may file a reply brief[.]"), and in it did not raise any new claim or argument not raised at the court of appeals. Brown's motion to strike is overruled.

## Conclusion

For the reasons set forth above, the circuit court's judgment overruling GoJet's motion to compel arbitration is vacated, and the case is remanded to compel arbitration.

_____
Robin Ransom, Judge

Russell, C.J., Powell, Fischer,
and Wilson, JJ., concur.
Broniec, and Gooch, JJ., not participating.